UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ARKIL LIONKING ZULU,

                       Plaintiff,

      v.                                                     9:16-CV-1408
                                                               (MAD/DEP)

JOHNATHAN M. BARNHART, et al.,

                       Defendants.

---

APPEARANCES:

ARKIL LIONKING ZULU
96-A-4462
Plaintiff, pro se
Clinton Correctional Facility
P.O. Box 2002
Dannemora, NY 12929

MAE A. D'AGOSTINO
United States District Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Arkil Lionking Zulu commenced this action by filing a pro se complaint pursuant to 42 U.S.C. § 1983. Dkt. No. 1 ("Compl.").[1] Plaintiff, who is presently confined at Clinton Correctional Facility ("Clinton C.F."), has paid the full filing fee of $400.00.

**II.    SUFFICIENCY OF THE COMPLAINT**

    **A.    Governing Legal Standard**

---

[1] This is the third civil rights action plaintiff has filed in the Northern District of New York. *See Zulu v. Seymour*, No. 9:14-CV-0870 (MAD/RFT) (N.D.N.Y. filed July 17, 2014) ("*Zulu I*") and *Zulu v. Lashway, et. al.*, No. 9"15-CV-0595 (GLS/RFT) (N.D.N.Y. filed May 15, 2015) ("*Zulu II*"). *Zulu I* is pending.

Under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee).

When reviewing a complaint, the court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

2

conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. Rule Civ. Proc. 8(a)(2)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While pro se parties are held to less stringent pleading standards, the Second Circuit has held that "district courts may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee." *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000). Indeed, "district courts are especially likely to be exposed to frivolous actions and, thus, have [a] need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources." *Id.* A cause of action is properly deemed frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

**B.     Summary of Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which establishes a cause of action for " 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 6:95-CV-0272 (TJM/RWS), 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional

3

rights." (citation omitted)). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted). The Court will construe the allegations in plaintiff's complaint with the utmost leniency. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

Plaintiff's complaint asserts allegations of wrongdoing that occurred, if at all, while he was confined at Marcy Correctional Facility ("Marcy C.F."). *See* Compl. at 1. On January 18, 2015, plaintiff was in the bathroom when he heard the "fan go off." *Id.* at 2. Plaintiff walked out of a bathroom stall and saw defendant Correctional Officer Johnathan M. Barnhart ("Barnhart") standing in the entryway. *Id.* at 2. Plaintiff asked Barnhart if he knew who turned the fan off. *Id.* Barnhart responded in a hostile manner with expletives. Compl. at 2. Plaintiff responded "alright" and returned to his cell to read a book. *Id.*

Barnhart appeared at his cell and directed plaintiff to "get on the [expletive] wall." Compl. at 3. Plaintiff asked Barnhart if he was talking to him and Barnhart responded with expletives. *Id.* Plaintiff complied with Barnhart's directive. *Id.* After Barnhart summoned a Sergeant to the area, four to six officers "rush[ed]" into the room. *Id.* Defendant Correctional Officer J. Muha ("Muha") "leaned" on plaintiff's back with his elbow. Compl. at 3. Plaintiff asked Muha "what is going on?" and Muha responded, "shut the [expletive] up." *Id.*

Barnhart grabbed plaintiff by his hair and "rammed" plaintiff's face, twice, against the wall. Compl. at 3-4. Muha told plaintiff he was going to the Special Housing Unit ("SHU"). *Id.* at 4. Plaintiff was handcuffed and placed in a van for transport to the SHU. *Id.* While in the van, Muha used racial slurs, threatened plaintiff, and struck plaintiff in the nose. Compl.

at 4. Defendant Correctional Officer M. Hubal ("Hubal") struck plaintiff on the right side of his head with a lock and defendant Correctional Officer Gebo ("Gebo") struck plaintiff in the face. *Id.*

Plaintiff was pulled from the van by defendant Correctional Officer D. Dischiavo ("Dischiavo") and placed in a room inside the SHU. Compl. at 4. Plaintiff asked defendant Sergeant D. Leddick ("Leddick") what "the problem" was and said "I didn't do anything." *Id.* at 4. Leddick grabbed plaintiff's hair, pulled his head back, and struck the left side of plaintiff's face with a sharp instrument. *Id.* Leddick "rammed" plaintiff's face into the wall. *Id.* at 5. Plaintiff overheard Leddick tell another officer, "I told Barnhard write down threats." Compl. at 5.

Plaintiff was transported to St. Elizabeth Hospital and received sutures in his right and left eyebrows. Compl. at 5. As a result of the incidents, plaintiff sustained permanent physical scars. *Id.*

Based upon the foregoing, plaintiff claims that defendants used excessive force and failed to intervene in violation of his Eighth Amendment rights. Compl. at 5, 6. Plaintiff seeks an award of money damages. *Id.* at 7. For a complete statement of plaintiff's claims, reference is made to the complaint.

**C.     Analysis**

**1.     Excessive Force**

The Eighth Amendment protects prisoners from "cruel and unusual punishment" at the hands of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Eighth Amendment's prohibition encompasses the use of excessive force against an inmate, who must prove two components: (1) subjectively, that

5

the defendant acted wantonly and in bad faith, and (2) objectively, that the defendant's actions violated "contemporary standards of decency." *Blyden v. Mancusi*, 186 F.3d 252, 262-63 (2d Cir. 1999) (internal quotations omitted) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). In this regard, while "a *de minimis* use of force will rarely suffice to state a constitutional claim," *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993), the malicious use of force to cause harm constitutes an Eighth Amendment violation per se because in such an instance "contemporary standards of decency are always violated." *Blyden*, 186 F.3d at 263 (citing *Hudson*, 503 U.S. at 9). The key inquiry into a claim of excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986)); *see also Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973); *see also Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) ("[t]he Supreme Court has emphasized that the nature of the force applied is the core judicial inquiry in excessive force cases—not whether a certain quantum of injury was sustained."). "To determine whether a defendant acted maliciously, several factors should be examined including, 'the extent of the injury and the mental state of the defendant, as well as the need for the application of force; the correlation between that need and the amount of force used; the threat reasonably perceived by the defendants; and any efforts made by the defendants to temper the severity of a forceful response.' " *Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003) (quoting *Romano*, 998 F.2d at 105).

Here, Plaintiff has identified the time, location, individuals involved and injuries sustained in the alleged incidents. The complaint alleges that (1) Barnhart told plaintiff to "get on the [expletive] wall and "rammed plaintiff's face twice into the wall;" (2) Muha used racial

slurs and told plaintiff, "you like to [expletive] with my officers" while he struck plaintiff in the nose; (3) Hubal struck him with a lock while Gebo struck his face; and (4) Leddick assaulted plaintiff and told Barnhart to "write down threat." *See* Compl. at 3-5. At this juncture, plaintiff's Eighth Amendment claims against Barnhart, Muha, Hubal, Gebo, and Leddick survive sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed motion to dismiss or for summary judgment.

A different conclusion is reached with respect to Dischiavo. In his "Claims for Relief," plaintiff alleges that Dischiavo used physical force. *See* Compl. at 6. The complaint however, lacks specific allegations of wrongdoing by this defendant. Plaintiff alleges that Dischiavo "pulled" him off of the transportation van and placed him in a room. Plaintiff did not allege that Dischiavo used force, was present during any incident, or otherwise involved in any other constitutional violation. *See* Compl. at 4. Consequently, plaintiff's Eighth Amendment claim against Dischiavo is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 2. Failure to Intervene

The failure of correctional officers to employ reasonable measures to protect an inmate from violence by others may rise to the level of an Eighth Amendment violation. *See Ayers v. Coughlin*, 780 F.2d 205, 209 (2d Cir. 1985). Moreover, allegations that an officer failed to intervene and prevent assaults are sufficient to state an Eighth Amendment failure to protect claim. *See Rogers v. Artus*, No. 13-CV-21, 2013 WL 5175570, at *3 (W.D.N.Y. Sept. 11, 2013). To establish liability under a failure to intervene theory, a plaintiff must prove the use of excessive force by someone other than the individual and that the defendant under

7

consideration: 1) possessed actual knowledge of the use by another of excessive force; 2) had a realistic opportunity to intervene and prevent the harm from occurring; and 3) nonetheless disregarded that risk by intentionally refusing or failing to take reasonable measures to end the use of excessive force. *Curley v. Vill. of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001). In order to succeed on a claim of failure to protect, the inmate "must establish both that a substantial risk to his safety actually existed and that the offending [defendant] knew of and consciously disregarded that risk." *See Walsh v. Goord*, No. 07-CV-0246, 2007 WL 1572146, at \*9 (W.D.N.Y. May 23, 2007) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1970)). In addition, a failure-to-protect claim requires a showing that prison officials acted with "deliberate indifference" to the inmate's safety. *Morales v. New York State Dep't of Corr.*, 842 F.2d 27, 30 (2d Cir. 1988).

At this early stage of the proceeding, plaintiff has alleged enough to require a responses from Barnhart, Muha, Hubal, Gebo, and Leddick to plaintiff's claim that they failed to protect plaintiff from assaults. In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed motion to dismiss or for summary judgment.

With respect to Dischiavo, for the reasons set forth *supra*, plaintiff's Eighth Amendment claims for failure to intervene are dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### III.    SERVICE OF PROCESS

In this case, plaintiff paid the entire filing fee for this action. As a result, plaintiff is responsible for serving the summons and complaint on the defendants. Rule 4 of the Federal Rules of Civil Procedure provides that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially

8

appointed by the court." Fed. R. Civ. P. 4(c)(3). In order to advance the disposition of this action, and in light of the fact that plaintiff is proceeding pro se, to effectuate service by the United States Marshal plaintiff must (1) pay the service fee due to the U.S. Marshal in full in advance;[2] and (2) provide all necessary papers for service, including a completed U.S. Marshals Form (which may be obtained from the Office of the Clerk of the Court) for the remaining defendants, and a copy of the complaint for each of the remaining defendants. Plaintiff is directed to send the service documents and payment of the service fee to the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367, to be forwarded by the Clerk to the U.S. Marshal.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's Eighth Amendment claims against Dischiavo are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted[3]; and it is further

**ORDERED** that Dischiavo is **DISMISSED** as a defendant herein; and it is further

**ORDERED** that plaintiff's Eighth Amendment claims against Barnhart, Muha, Hubal, Gebo, and Leddick survive the Court's sua sponte review under 28 U.S.C. § 1915A(b) and

---

[2] Payment of the service fee must be made by money order or certified check payable to "U.S. Marshal." For service by mail, the fee is $8.00 per summons and complaint. The cost of service by mail on the remaining defendants is $40.00. Plaintiff is advised that if initial service is unsuccessful, he will be required to pay the U.S. Marshal any additional fees, also in advance, for subsequent service attempts according to the fee schedule set by the U.S. Marshal.

[3] If plaintiff wishes to pursue any claim dismissed without prejudice, he is advised to that, if accepted for filing, any amended complaint will entirely replace the original complaint and incorporation of prior claims is not permitted.

require a response; and it is further

**ORDERED** that plaintiff is afforded an opportunity to request an order of this Court directing service by the U.S. Marshal and provide payment of the service fee to the U.S. Marshal in full by money order or certified check; and it is further

**ORDERED** that upon plaintiff's request for assistance with service of process, the Clerk shall return the file to the Court for further review; and it is further

**ORDERED** that if plaintiff does not request for assistance with service of process **within twenty (20) days** of the filing date of this Decision and Order, the Clerk shall issue summonses and forward them to plaintiff, who shall be responsible for effecting service of process on defendants. Upon issuance of the summonses, the Clerk shall send a copy of the summonses and complaint to the Office of the New York Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that defendants or their counsel, file a response to the complaint as provided for in the Federal Rules of Civil Procedure after service of process upon them; and it is further

**ORDERED**, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be**

**stricken from the docket.** Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 30, 2016
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge