**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ARKIL LIONKING ZULU,**

       **Plaintiff,**

vs.             **9:16-CV-1408
                (MAD/DEP)**

**JOHNATHAN M. BARNHART,** *et al.***,**

       **Defendants.**
_____

**APPEARANCES:**        **OF COUNSEL:**

**ARKIL LIONKING ZULU**
96-A-4462
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**    **MATTHEW P. REED, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

   Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights under the Eighth Amendment. *See* Dkt. No. 1. Plaintiff alleges that he was assaulted by Defendant corrections officers, causing injuries to his face that required medical treatment. *See id.* After *sua sponte* review, the Court dismissed Plaintiff's Eighth Amendment claim against Defendant Dischiavo. *See* Dkt. No. 8. Plaintiff's

Eighth Amendment excessive force claims against Defendants Barnhart, Muha, Hubal, Gebo, and Leddick survived *sua sponte* review. *See id.*

On January 9, 2018, the remaining Defendants moved for summary judgment, alleging that Plaintiff failed to exhaust his administrative remedies before commencing this action. *See* Dkt. No. 51. In a Report and Recommendation dated August 22, 2018, Magistrate Judge Peebles recommended that the Court deny Defendants' motion, and that an evidentiary hearing be conducted to address the disputed issues; namely, the facts surrounding Plaintiff's alleged failure to exhaust his administrative remedies. *See* Dkt. No. 63 at 2. Magistrate Judge Peebles found that there are "squarely conflicting accounts" concerning whether Plaintiff attempted to file or appeal multiple grievances connected to the events that gave rise to this action. *See id.* at 16. If Plaintiff can establish that Defendants blocked his efforts to exhaust his administrative remedies, then it is likely that the Court will hold that the grievance process was unavailable to Plaintiff, and excuse the exhaustion requirement. *See Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016); *Williams v. Priatno*, 829 F.3d 118, 123 (2d Cir. 2016).

## II. BACKGROUND

Plaintiff has been an inmate in the custody of DOCCS since July 1996. Dkt. No. 51-3 at 12. Plaintiff was previously confined within the Marcy Correctional Facility ("Marcy") between September 12, 2014 and February 6, 2015, and from there was transferred into the Upstate Correctional Facility ("Upstate"), arriving at the facility on February 9, 2015. *Id.* at 141; Dkt. No. 51-6 at 3.

Plaintiff's claims are centered on the alleged events of January 18, 2015, where he claims that he was assaulted by corrections officers while incarcerated at Marcy. Dkt. No. 1 at 2-5. Specifically, Plaintiff alleges that in the bathroom at the facility, and during subsequent

2

transportation to the facility's special housing unit ("SHU"), he was repeatedly assaulted by Defendants Barnhart, Muha, Hubal, Gebo, and Leddick. Dkt. No. 51-3 at 14-26. As a result of these alleged assaults, Plaintiff was taken to St. Elizabeth's Hospital, in Utica, New York, where he required multiple stitches for his wounds. Dkt. No. 51-3 at 27, 72, 104.

Plaintiff alleges that the first grievance he filed concerning these events was on January 22, 2015 at Marcy. Dkt. No. 51-3 at 106-07; Dkt. No. 59-5 at 1; Dkt. No. 59-7 at 2. Plaintiff claims that thereafter he also submitted amendments to that grievance through the proper channels on January 25, 2015, and February 1, 2015, also at Marcy. Dkt. No. 51-3 at 105, 108-10. After his transfer to Upstate, Plaintiff alleges that he filed a cover letter and a second grievance concerning these events on February 15, 2015. *Id.* at 111-14. Copies of the aforementioned grievances were also allegedly sent to various parties, including the Federal Bureau of Investigation and the DOCCS Office of Special Investigation. *Id.* at 56-57, 112-14, 122-31.

On or about March 9, 2015, Plaintiff alleges that he sent a letter concerning the alleged assaults to Marcy Superintendent Justin Thomas, stating that he was appealing the grievances he had previously sent on January 22, 2015 and February 15, 2015. Dkt. No. 51-3 at 115. Subsequently, Plaintiff alleges he sent three letters to the Director of the DOCCS Inmate Grievance Program ("IGP"), Karen Bellamy. *Id.* at 116-19. The first, allegedly sent on April 4, 2015, referenced the March 9, 2015 letter and stated that Plaintiff wished to appeal the matter to the Central Office Review Committee ("CORC"). *Id.* at 116-17. The second letter, allegedly sent on May 16, 2015, referenced the same March 9, 2015 letter as the previous, and stated that Plaintiff had yet to receive a response to his previous grievances, appeals, and letters. *Id.* at 118-19. A third letter was sent on May 18, 2015, containing copies of the relevant grievances and

appeals. *Id.* at 120. In response to this last letter, Plaintiff received a letter from Bellamy which acknowledged receipt of Plaintiff's May 18, 2015 letter, returned his grievance materials to him, and stated that the IGP did not allow for inmates to refer their grievances directly to the CORC. *Id.* at 121.

Currently before the Court is Magistrate Judge Peebles' August 22, 2018 Report and Recommendation. No objections have been filed.

### III. DISCUSSION

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a

motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather, the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

In reviewing a *pro se* case, the court "must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment. *See id.* (citing *Showers v. Eastmond*, 00 CIV. 3725, 2001 WL 527484, at *2 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence" is not sufficient to overcome a

motion for summary judgment. *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement applies to all suits brought by inmates regarding aspects of prison life. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002). Inmates must exhaust all available administrative remedies even if they are seeking only money damages that are not available in prison administrative proceedings. *Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004), *abrogated on other grounds by Ross v. Blake*, 136 S. Ct. 1850 (2016). The failure to exhaust is an affirmative defense that must be raised by the defendants and, as such, it is the defendants' burden to establish that the plaintiff failed to meet the exhaustion requirements. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir. 2004); *Key v. Toussaint*, 660 F. Supp. 2d 518, 523 (S.D.N.Y. 2009) (citations omitted).

The Supreme Court has held that in order to properly exhaust an inmate's administrative remedies, the inmate must complete the administrative review process in accordance with the applicable state rules. *See Jones*, 549 U.S. at 218-19 (citing *Woodford v. Ngo*, 548 U.S. 81 (2006)). In *Woodford*, the Court held that "proper" exhaustion means that the inmate must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a prerequisite to bringing suit in federal court. *See Woodford*, 548 U.S. at 90-103.

New York State has a three-step administrative review process. First, a grievance is submitted to the Inmate Grievance Resolution Committee ("IGRC") which reviews and investigates the formal complaint before issuing a written determination. *See* 7 N.Y.C.R.R. § 701.5(b). Second, an adverse decision by the IGRC may be appealed to the Superintendent of the Facility. *See id.* at § 701.5(c). Third, an adverse decision by the Superintendent may be appealed to CORC, which makes the final determination within the administrative review process. *See id.* at § 701.5(d). If all three of these levels of review are exhausted, then the prisoner may seek relief in federal court pursuant to section 1983. *See Bridgeforth v. DSP Bartlett*, 686 F. Supp. 2d 238, 239 (W.D.N.Y. 2010) (citing *Porter*, 534 U.S. at 524); *Singh v. Goord*, 520 F. Supp. 2d 487, 495-96 (S.D.N.Y. 2007) (quoting *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004)).

To the extent a civil rights claim must be exhausted by the grievance process, completion of the three-tiered process, through and including a final decision by CORC, must be completed before an action asserting that claim may be initially filed. *See*, *e.g.*, *Casey v. Brockley*, No. 9:13-CV-1271, 2015 WL 8008728, *5 (N.D.N.Y. Nov. 9, 2015) ("Receiving a decision from CORC *after* commencing litigation does not satisfy PLRA's requirement that administrative remedies be exhausted *before* filing suit, and any claim not exhausted prior to commencement of the suit must be dismissed without prejudice") (citing *Neal v. Goord*, 267 F.3d 116, 122-23 (2d Cir. 2001), *overruled on other grounds*, *Porter v. Nussle*, 534 U.S. 516 (2002)); *Rodriguez v. Rosner*, No. 12-CV-958, 2012 WL 7160117, *8 (N.D.N.Y. Dec. 5, 2012). "[A] post-exhaustion amendment of the complaint cannot cure an exhaustion defect existing at the time the action was commenced." *Guillory v. Haywood*, No. 9:13-CV-1564, 2015 WL 268933, *11 (N.D.N.Y. Jan. 21, 2015) (citing *Neal*, 267 F.3d at 122) (other citation omitted).

Although administrative remedies generally must be exhausted, a prisoner need not exhaust remedies if they are not "available." *Ross*, 136 S. Ct. at 1855. "First, an administrative remedy may be unavailable when 'it operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates.'" *Williams*, 829 F.3d at 123 (quoting *Ross*, 136 S. Ct. at 1859). "Second, 'an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use.'" *Id.* (quoting *Ross*, 136 S. Ct. at 1859). "In other words, 'some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it.'" *Id.* at 123-24 (quoting *Ross*, 136 S. Ct. at 1859). "Third, an administrative remedy may be unavailable 'when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Id.* at 124 (quoting *Ross*, 136 S. Ct. at 1860).

In the present matter, the Court finds that Magistrate Judge Peebles correctly determined that Defendants' motion for summary judgment should be denied. It is well established that the exhaustion requirement can be excused where prison officials have prevented legitimate efforts from the inmate to file a grievance. *See Ross*, 136 S. Ct. at 1860; *Williams*, 829 F.3d at 123. Plaintiff has submitted evidence that he did in fact attempt to file and pursue grievances for this matter but his attempts were frustrated by prison officials. *See* Dkt. No. 51-3 at 56-57, 105-31. Defendants have also submitted evidence that Plaintiff has never actually filed grievances at all concerning this matter. *See* Dkt. No. 51-2 at 2-4. This competing evidence necessitates an evidentiary hearing on whether the PLRA's exhaustion requirement can be excused as unavailable. *See Ross*, 136 S. Ct. at 1860; *Williams*, 829 F.3d at 123. Accordingly, there exists a genuine dispute as to a material fact, preventing Defendants from being entitled to summary judgment as a matter of law. This Court will schedule an evidentiary hearing to address the

8

material issues of fact that are preventing resolution of the exhaustion defense as a matter of law. *See Messa v. Goord*, 652 F.3d 305 (2d Cir. 2011).

## IV. CONCLUSION

After carefully considering the entire record in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Peebles' August 22, 2018 Report and Recommendation is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall schedule an exhaustion hearing; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 12, 2018
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge