**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**ARKIL LIONKING ZULU,**

                              **Plaintiff,**

  vs.                                                 **9:16-CV-1408
(MAD/DEP)**

**JOHNATHAN M. BARNHART**, *et al.* ,

                              **Defendants.**

---

**APPEARANCES:**                                  **OF COUNSEL:**

**VINDIGNI, BETRO & WALTON, PLLC**    **SCOTT R. SWAYZE, ESQ.**
146 Madison Street
Oneida, New York 13421
Attorney for Plaintiff

**OFFICE OF THE NEW YORK**           **MATTHEW P. REED, ESQ.**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, NY 12224
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff Arkil LionKing Zulu, a New York State prison inmate, brings this lawsuit *pro se* under 42 U.S.C. § 1983, against five corrections officers at the Marcy Correctional Facility ("Marcy"). Plaintiff alleges that he was assaulted by those corrections officers in violation of his Eighth Amendment rights. The matter was referred to Chief Magistrate Judge David E. Peebles for the purpose of conducting an evidentiary hearing and issuing a Report and Recommendation on the exhaustion defense raised by Defendants. Magistrate Judge Peebles concluded that Plaintiff failed to exhaust his administrative remedies prior to commencing this action, but

nonetheless recommended that he be excused from the exhaustion requirement. No objections to the Report and Recommendation have been filed.

## II. BACKGROUND

Plaintiff is currently in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 51-3 at 12. During the times relevant here, Plaintiff was confined at Marcy, Downstate Correctional Facility ("Downstate"), located in Fishkill, New York, or Upstate Correctional Facility ("Upstate"), located in Malone, New York. *Id*. at 35.

It is undisputed that Plaintiff failed to file or pursue to completion a grievance regarding Defendants' alleged use of excessive force. Plaintiff argues that he should be excused from the exhaustion requirement because those administrative remedies were not effectively available to him at the relevant times. *See generally* Dkt. No. 82. Defendants argue that Plaintiff has failed to meet the burden of adducing evidence that would excuse his failure to exhaust, and therefore his failure to exhaust should warrant dismissal. *See generally* Dkt. No. 83.

## III. DISCUSSION

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal.  *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point") (citation omitted).  A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority.  *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

The Prison Litigation Reform Act of 1996 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a); *see also Ross v. Blake*, ___ U.S. ___, 136 S. Ct. 1850, 1856 (2016).  As Magistrate Judge Peebles correctly noted, this exhaustion requirement "is mandatory and applies to all inmate lawsuits regarding the conditions of their confinement."  Dkt. No. 84 at 7.

The Report and Recommendation details several attempts on Plaintiff's part to file grievances and various letters in furtherance of those attempts.  *See id*.  Magistrate Judge Peebles

3

recommended "finding that defendants have met their burden of proving, by a preponderance of the evidence, that plaintiff failed to exhaust the administrative remedies provided under the IGP prior to the filing of his complaint on or about November 28, 2018." *Id*. at 31.

However, Magistrate Judge Peebles then addressed whether the IGP was "actually available" to Plaintiff in light of the factual circumstances of this case. Magistrate Judge Peebles found that "plaintiff credibly testified that he attempted to file (or re-file) a grievance on January 19, 2015, January 22, 2015, January 25, 2015, and February 1, 2015; all of those attempts were well within the twenty-one-day period for filing a grievance." *Id*. The Court finds that the factual findings regarding Plaintiff's attempted filings, especially given Magistrate Judge Peebles' ability to contemporaneously judge the credibility of testimony during the evidentiary hearing, are not clearly erroneous.

The Court further agrees with the Report and Recommendation's finding that "plaintiff credibly met his burden of production by documenting his efforts to file grievances, pursuant to the appropriate DOCCS and facility-specific procedures, and defendants failed to meet their ultimate burden by a preponderance of the evidence." *Id.* at 35-36. The evidence presented by Defendants "is largely consistent with plaintiff's claim that, for whatever reason, the timely grievances that he attempted to submit while confined at the SHU at Marcy were not filed." *Id*. Magistrate Judge Peebles observed that the fact that Plaintiff case has a well-developed understanding of the standard IGP regulations "bolsters his claim that the usual process did not unfold in this circumstance by suggesting that the filing failure did not result from plaintiff's own ineptitude." *Id.* at 36. Magistrate Judge Peebles accordingly recommended that the Court finding that the IGP was not "actually available" to Plaintiff, and that "he should therefore be excused from the exhaustion requirement." *Id*.

Having reviewed the Report and Recommendation and the applicable law, the Court finds that Magistrate Judge Peebles correctly determined the IGP were unavailable to Plaintiff and that he is, therefore, excused from exhausting administrative remedies as required by the PLRA. As such, Defendants are not entitled to summary judgment on this issue.

## IV. CONCLUSION

Upon review of the Report and Recommendation, the record before the Court, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Peebles' April 22, 2019 Report and Recommendation is **ADOPTED** in its entirety; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 17, 2019
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge