UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ARKIL LIONKING ZULU,

                          **Plaintiff,**

    vs.                                      9:16-CV-1408
                                                (MAD/ML)

JOHNATHAN M. BARNHART, *et al.*,

                          **Defendants.**

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **VINDIGNI, BETRO & WALTON PLLC**<br>146 Madison Street<br>Oneida, New York 13421<br>Attorney for Plaintiff | SCOTT R. SWAYZE, ESQ. |
| **OFFICE OF THE NEW YORK<br>STATE ATTORNEY GENERAL**<br>The Capitol<br>Albany, New York 12224<br>Attorney for Defendants | KONSTANDINOS D. LERIS, ESQ.<br>RYAN W. HICKEY, ESQ. |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff has moved *in limine* for an order preventing Defendants from introducing evidence regarding his criminal conviction.[1] *See* Dkt. No. 100 at 1. Defendants have opposed that motion and asked that they be permitted to introduce evidence of "essential facts" about Plaintiff's felony conviction. *See* Dkt. No. 111 at 1. For the reasons stated herein, the Court will

---

[1] Plaintiff was convicted of murder in the second degree and has been serving a prison sentence of twenty years to life. Plaintiff has been in the custody of the New York State Department of Correctional Services since July 16, 1996. *See* Inmate Population Information Search, Department of Corrections and Community Supervision, *available at* http://nysdoccslookup.doccs.ny.gov.

allow Defendants to introduce evidence about (1) the fact that Plaintiff was convicted of a felony, (2) the date of the conviction, and (3) the length of Plaintiff's prison sentence. Because of its prejudicial value, Defendants are not permitted to introduce the statutory name of the offense.

## II. DISCUSSION

Federal Rule of Evidence 609(a)(1) provides that, for the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime "punishable by death or by imprisonment for more than one year . . . must be admitted, subject to Rule 403, in a civil case." Fed. R. Evid. 609(a)(1). In other words, the court must admit the "name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 620-21 (2d Cir. 2005) (citing Fed. R. Evid. 403). The district court has "wide discretion to impose limitations on the cross-examination of witnesses." *United States v. Flaharty*, 295 F.3d 182, 191 (2d Cir. 2002); *see also United States v. Brown*, 606 F. Supp.2d 306, 312 (E.D.N.Y. 2009) ("In the Second Circuit, it is within the discretion of the district courts to further limit the evidence of the prior conviction to exclude the nature or statutory name of the offense, . . . [or] the length of the sentence when its probative value is outweighed by its prejudicial effect").

In balancing probative value against prejudicial effect under this rule, courts examine: "(1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citations omitted). "Although all of these factors are relevant, 'prime among them is the first factor, *i.e.*,

2

whether the crime, by its nature, is probative of a lack of *veracity*.'" *Brown*, 606 F. Supp. 2d at 312 (quoting *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977)) (alterations omitted).

The Second Circuit has found that violent crimes "may bear so marginally on honesty or veracity, depending on the circumstances of those crimes, as to justify exclusion under Rule 609(a)(1)." *Estrada*, 430 F.3d at 621; *see also United States v. Agostini*, 280 F. Supp. 2d 260, 262 (S.D.N.Y. 2003) (discussing the Second Circuit's "inclination to preclude the discussion of a witness's prior commission of violent crimes because of such crimes' lack of relevance to the issue of the witness's veracity"). In fact, the Second Circuit has noted that "[m]urder generally is not a crime of dishonesty, and nothing about the . . . murder suggested that it would in any way reflect on [the witness's] truthfulness." *Flaharty*, 295 F.3d at 191.

Here, the Court agrees with Plaintiff that his prior criminal conviction is highly prejudicial, because knowledge that Plaintiff was convicted of second degree murder could cause the jurors to evaluate his worth as a witness based on that conviction, regardless of its irrelevance to his excessive force claim. *See e.g.*, *Agostini*, 280 F. Supp. 2d at 262 (excluding evidence of an assault victim's felony conviction where it may "serve to distract the jury from the crime charged . . . and instead focus on whether [the victim], as a convicted felon, 'deserved' to be assaulted by [the defendant]"). Moreover, Plaintiff's prior conviction bears marginally on his truthfulness or veracity, because "[m]urder generally is not a crime of dishonesty." *See Flaharty*, 295 F.3d at 191. At the same time, Plaintiff remains incarcerated for his criminal conviction, and, "'[t]he idea underlying Rule 609, whether right or wrong, is that criminals are more likely to testify untruthfully.'" *See Giles v. Rhodes*, No. 94-CV-6385, 2000 WL 1510004, *2 (S.D.N.Y. Oct. 10, 2000) (citing *Gora v. Costa*, 971 F.2d 1325, 1330 (7th Cir. 1992)); *see also* Fed. R. Evid. 609(b) (listing additional requirements for admitting a criminal conviction where "more than 10 years

have passed since the witness's conviction or *release from confinement for it*") (emphasis added). Therefore, in order to strike the proper balance between the crime's admissibility under Rule 609(a) and its prejudicial effect on Plaintiff, the Court holds that Defendants may introduce evidence related only to: (1) the fact that Plaintiff was convicted of a felony, (2) the date of the felony, and (3) the length of his prison sentence. Defendants may not introduce any other details about the offense, including the statutory name of the offense.

### III. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion *in limine* to exclude improper character evidence (Dkt. No. 100) is **GRANTED in part** and **DENIED in part**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 18, 2019
      Albany, New York

Mae A. D'Agostino
U.S. District Judge