UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ARKIL LIONKING ZULU,

                      **Plaintiff,**

  vs.                                                    9:16-CV-1408

JOHNATHAN M. BARNHART, *et al.*,         (MAD/ML)

                      **Defendants.**
_____

**APPEARANCES:**                                 **OF COUNSEL:**

**ARKIL LIONKING ZULU**
96-A-4462
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902
Plaintiff *pro se*

**NEW YORK STATE ATTORNEY GENERAL**    **KONSTANDINOS D. LERIS, ESQ.**
The Capitol                                    **RYAN W. HICKEY, ESQ.**
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff commenced this Section 1983 action on November 28, 2016, alleging that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. *See* Dkt. No. 1 at 1. The case was tried before a jury in Albany, New York from July 22 through July 24, 2019, and resulted in a verdict in favor of Defendants. *See* Dkt. Nos. 118-123. On July 24, 2019, the Court entered judgment in Defendants' favor and closed the case. *See* Dkt. No. 125 at 1.

On August 20, 2019, Defendants submitted a Motion for Taxation of Costs. *See* Dkt. No. 127. Plaintiff filed an Opposition to that motion on September 12, 2019, arguing that the fee application is "excessive and largely unrecoverable." *See* Dkt. No. 129 at 7. For the following reasons, the Motion for Taxation of Costs is granted in its entirety.

## II. DISCUSSION

**A.     Legal Standard**

Federal Rule of Civil Procedure 54(d)(1) states, in relevant part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *see also* N.D.N.Y. L.R. 54.1(a). The Supreme Court has construed the term "cost" in this context to mean only the specific items enumerated in 28 U.S.C. § 1920, *see Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987), which are (1) clerk's fees, (2) fees for "transcripts necessarily obtained for use in the case," (3) fees for printing and witnesses, (4) "fees for exemplification and the costs of making copies . . . necessarily obtained for use in the case," (5) docket fees, and (6) compensation of court appointed experts or interpreters, *see* 28 U.S.C. § 1920.

"[B]ecause Rule 54(d) allows costs 'as of course,' such an award against the losing party is the normal rule obtaining in civil litigation, not an exception." *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001) (citation omitted). Therefore, "the losing party has the burden to show that costs should not be imposed; for example, costs may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Id.* (citations omitted). Although a court may deny costs because of the losing party's indigency, "indigency *per se* does not automatically preclude an

award of costs." *Id.* (citation omitted). The decision to limit or deny costs based on indigency is entirely within the district court's discretion. *Id.* at 269, 74.

B.  **Application**

Plaintiff first asks the Court to reduce or deny the Bill of Costs "because of petitioner['s] financial situation." *See* Dkt. No. 129 at 1-2 (discussing Plaintiff's incarceration history, lack of employment, and lack of assets). The Court does not believe that Plaintiff's financial situation should prevent him from being taxed with Defendants' costs in this case. As discussed above, indigency "does not automatically preclude an award of costs." *Whitfield*, 241 F.3d at 273. Moreover, although Plaintiff is incarcerated, he did not bring this case pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915, but instead paid the $400 filing fee to commence the action. *See* Dkt. Nos. 3-6. Thus, as an initial matter, the Court will not exercise its discretion to deny Defendants' Motion for Taxation of Costs due to indigency.

Next, Plaintiff asks the Court to reduce the costs attributed to Defendants' witnesses. *See* Dkt. No. 129 at 7-8 (objecting to "the cost of defendants' witnesses car fare, totaling $867.06," arguing that "compensation for the Defendants' five witnesses should be limited to their per diem rate of $40 dollars," and claiming that Defendants should only be reimbursed for the costs of the two witnesses who testified at trial). In the Motion for Taxation of Costs, Defendants identified the costs of two witnesses who testified at trial and three witnesses who testified at an evidentiary hearing before Magistrate Judge David E. Peebles on January 30, 2019. *See* Dkt. No. 127 at 4-6; Dkt. No. 78 at 2. That hearing addressed Defendants' affirmative defense that Plaintiff failed to exhaust his administrative remedies before commencing this action. *See* Dkt. No. 78 at 2. A witness need not actually testify at trial in order for his fees and mileage to be assessed, as long as the moving party can show "that his testimony was relevant and material to an issue in the case

and reasonably necessary to its disposition." *Fed. Sav. & Loan Ins. Corp. v. Szarabajka*, 330 F. Supp. 1202, 1208-09 (N.D. Ill. 1971) (citing *Bowman v. W. Disinfecting Co.*, 25 F.R.D. 280, 284 (E.D.N.Y. 1960) and *Bank of Am. v. Loew's Int'l Corp.*, 163 F. Supp. 924, 928 (S.D.N.Y. 1958)). Here, the witnesses who testified at the evidentiary hearing discussed the exhaustion issue, which was relevant to the case at the time the hearing took place and necessary to the case's disposition. *See* Dkt. No. 78 at 65-146. Thus, the costs attributed to Defendants' witnesses from the hearing and trial are both properly taxable to Plaintiff. *See* 28 U.S.C. § 1920 (permitting the taxation of "[f]ees and disbursements for . . . witnesses"); *see also Nat. Organics, Inc. v. Nutraceutical Corp.*, No. 01-CV-384, 2009 WL 2424188, *7 (S.D.N.Y. Aug. 6, 2009) ("Witness fees are taxable if the witness takes the stand or is deposed").

As for the amount of transportation reimbursements, Defendants provide mileage data to support their cost requests and seek recovery at the proper reimbursement rate of $0.58 per mile. *See* https://www.gsa.gov/travel/plan-book/transportation-airfare-pov-etc/privately-owned-vehicle-pov-mileage-reimbursement-rates. Therefore, Defendants are entitled to recover $867.06 for their witnesses' fees.

Thirdly, Plaintiff argues that $97.25, which Defendants request for "exemplification and copies of papers necessarily obtained for use in the case," *see* Dkt. No. 127 at 1, is "patently unreasonable for photocopies," *see* Dkt. No. 129 at 8 (citing *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748 (2d Cir. 1998)).[1] Section 1920 explicitly allows for "fees for exemplification and the costs of making copies" where the copies are necessary to a case. *See* 28 U.S.C. § 1920. To

---

[1] *LeBlanc-Sternberg* involved a request for attorney's fees, not a bill of costs. *See* 143 F.3d at 763 (holding that photocopying is exactly "the sort of expense[] that may ordinarily be recovered") (citing cases).

support their cost request, Defendants point to two discovery responses, in which they produced over one hundred pages of documents to Plaintiff, *see* Dkt. Nos. 127-2 and 127-3, as well as a letter dated October 27, 2017, which enclosed an original copy of Plaintiff's deposition and blank correction sheet, *see* Dkt. No. 127-4. Based on this information, the Court is satisfied that the expenses were necessarily obtained for use in this case, and that $97.25 is not an unreasonable fee for the production of such documents. Accordingly, Plaintiff's request to deny or reduce the exemplification and photocopying fees is denied.

Lastly, Plaintiff argues that he should not be taxed for the cost of his deposition because Defendants have not shown that his deposition was reasonably necessary at the time it was taken. *See* Dkt. No. 129 at 8-9. In *Whitfield*, the Second Circuit noted that "[t]he courts of appeals have consistently interpreted . . . [Section 1920] . . . to permit the taxation of deposition expenses, when necessarily incurred for use of the deposition in the case." 241 F.3d at 270. Defendants have submitted an invoice from the court reporter showing that the fees for Plaintiff's deposition transcript totaled $634.50. *See* Dkt. No. 127-1 at 1. Defendants needed Plaintiff's deposition to properly prepare for trial and examine Plaintiff at trial.[2] Moreover, Plaintiff has not demonstrated that any portion of his deposition was not related to an issue relevant to the case at the time the deposition was taken. *See In re Fundamental Long Term Care, Inc.*, 753 Fed. Appx. 878, 882 (11th Cir. 2019) ("The operative principle is that such costs are taxable when the party opposing the costs has not demonstrated that any portion of the depositions was not related to an issue

---

[2] Even if Defendants had not used the deposition at trial, the deposition was necessary to support Defendants' summary judgment motion. *See Whitfield*, 241 F.3d at 271 (stating that "the filing of a deposition transcript [in support of a summary judgment motion] necessarily means a court will 'use' it, since summary judgment may be granted only 'if the pleadings, *depositions*, answers to interrogatories, and admissions *on file*, . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law'") (citing Fed. R. Civ. P. 56(c)).

which was present in the case at the time the deposition was taken") (internal quotation omitted); *see also Adams v. O'Hara*, No. 9:16-CV-0527, 2019 WL 1978611, *2 (N.D.N.Y. May 3, 2019) (finding that the entire cost of deposing the plaintiff and copying his transcript was reasonable where, "the case had been deemed ready for trial," so the defendants were "prepar[ing] to defend themselves against [the p]laintiff's claims (through the use of, among other things, his deposition transcript)"). Therefore, because the Court finds that Plaintiff's deposition testimony was necessarily obtained for use in this case, it is a properly taxable cost.

Thus, after carefully reviewing Defendants' Motion for Taxation of Costs and Plaintiff's Opposition, the Court finds that Plaintiff has not met his burden of showing that Defendants' requested costs should not be imposed. *See Whitfield*, 241 F.3d at 270.

### III. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendants' post-judgment Motion for Taxation of Costs pursuant to Fed. R. Civ. P. 54(d)(1) and Local Rule 54.1(a) of the Local Rules of Practice for the Northern District of New York (Dkt. No. 127) is **GRANTED**, and the Court hereby

**ORDERS** such that costs are awarded to Defendants from Plaintiff in the amount of **ONE THOUSAND FIVE HUNDRED NINETY-EIGHT DOLLARS AND EIGHTY-ONE CENTS** ($1,598.81).

**IT IS SO ORDERED.**

Dated: September 19, 2019
      Albany, New York

Mae A. D'Agostino
U.S. District Judge